# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2014

Lyle W. Cayce
Clerk

No. 12-20670

RALPH WHITLEY, Individually and on behalf of others similarly situated; CHARIS MOULE, on behalf of herself and all others similarly situated; SYED ARSHADULLAH; DAVID HUMPHRIES, on behalf of himself and all others similarly situated; JERRY T. MCGUIRE; EDWARD F. MINEMAN, on behalf of himself and all others similarly situated; MAUREEN S. RIELY, Individually and on behalf of the BP Employee Savings Plan, BP Capital Accumulation Plan, BP Partnership Savings Plan, BP DirectSave Plan, and on behalf of all others similarly situated; THOMAS P. SOESMAN, Individually and on behalf of all others similarly situated; FRANKIE RAMIREZ,

Plaintiffs - Appellants

v.

BP, P.L.C.; BP AMERICA, INCORPORATED; ANTHONY HAYWARD; ANDY INGLIS; CARL HENRIC SVANBERG; STATE STREET BANK & TRUST COMPANY; ET AL,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:10-CV-4214

Before STEWART, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:*

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20670

This case arises from a drop in the stock price of BP p.l.c. ("BP"). Plaintiffs-Appellants are participants in four employee investments and savings plans (the "Plans") sponsored by BP North America, Inc., a subsidiary of BP. The Plans are regulated by the Employee Retirement Income Security Act ("ERISA"). One of the investment options available under each Plan is the BP Stock Fund, which consists entirely of BP American Depository Shares ("BP Shares") plus a small amount of cash and other short-term positions. During the time period covered by the complaint, the BP Stock Fund comprised approximately one-third of each of the Plans' assets.

After the Deepwater Horizon disaster, BP's share price declined substantially. As a result, the Plans sustained major losses. Plaintiffs filed suit on June 24, 2010, alleging that Defendants are fiduciaries of the Plans under ERISA and that they knew or should have known, based on a variety of sources, that BP Shares were not a prudent investment. Plaintiffs claim that Defendants failed to take appropriate action based on the information available to them and thereby breached their fiduciary duty. Plaintiffs additionally assert that Defendants engaged in misrepresentations and omissions of material information in their capacity as ERISA fiduciaries.

On July 26, 2011, Defendants moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendants argued that because the documents governing the Plans list the BP Stock Fund as a "core investment," the Plans qualify as "eligible individual account plan[s]" or "EIAPs" under 29 U.S.C. § 1107(d)(3). In line with the case law prevailing in the Fifth Circuit at the time, Defendants asserted that an ERISA fiduciary's decision to keep an EIAP invested in company stock is entitled to a "presumption of prudence," sometimes referred to as the *Moench* presumption. *See Kirshbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 254 (5th Cir. 2008); *see also Moench v. Robertson*, 62 F.3d 553 (3d Cir. 1995). The district court agreed

and granted the motion to dismiss on the ground that Plaintiffs had failed to plead facts that, if proven, would overcome the *Moench* presumption. The district court later denied Plaintiffs' motion to file an amended complaint, partly on the ground that the newly added allegations would not overcome the presumption.

Plaintiffs appealed the district court's dismissal of their complaint and the denial of their motion to file an amended complaint. Shortly after oral argument of this appeal, the Supreme Court granted certiorari in *Dudenhoeffer v. Fifth Third Bancorp*, 692 F.3d 410 (6th Cir. 2012), *cert. granted*, 134 S. Ct. 822 (2013). On June 25, 2014, the Court issued a unanimous opinion dispatching with the *Moench* presumption and holding that ERISA fiduciaries managing a plan invested in company stock are subject to the same duty of prudence as any other ERISA fiduciary, "except that they need not diversify the fund's assets." *Fifth Third Bancorp v. Dudenhoeffer*, No. 12-751, slip op. at 1-2 (U.S. June 25, 2014); *see also* 29 U.S.C. § 1104(a)(2). Because the district court applied the *Moench* presumption in granting Defendants' motion to dismiss and denying Plaintiffs' motion to amend, we VACATE the judgment of the district court and REMAND for reconsideration of those motions in light of *Dudenhoeffer*.